IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

CASE NO.: 3:17cr70/MCR

v.

**TERRELL JEROME COCHRAN**
_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between, Terrell Jerome Cochran, as the Defendant, Erica Reed, as attorney for the Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

### 2. TERMS

The parties agree to the following terms:

a. The Defendant will plead guilty to Count One charging the offense of possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Count Two charging the

1



offense of possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) of the Indictment. As to Count One, due to the Defendant having a prior felony drug conviction as noted in the Government's Enhancement Information and Notice of Prior Conviction (Doc. 16), the Defendant faces an enhanced penalty of a maximum of life imprisonment with a mandatory minimum term of ten (10) years imprisonment, a mandatory minimum term of eight (8) years of supervised release with a maximum term of supervision of a life, a fine of up to $8,000,000, and a $100 special monetary assessment. As to Count Two, the Defendant faces a maximum penalty of ten (10) years imprisonment, a term of up to three (3) years of supervised release, a fine of up to $250,000, and a $100 special monetary assessment. The Defendant agrees to pay the special monetary assessment on or before the date of sentencing.

If the Defendant is unable to pay the special assessment prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the Defendant is subject includes forfeiture of all forfeitable assets and restitution. The Defendant agrees to forfeit the firearms and ammunition seized from him on March 20, 2017, and identified in the Indictment.

b. That by voluntarily pleading guilty to the charges in the Indictment, the Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c. The Defendant is pleading guilty because the Defendant is in fact guilty of the charges alleged in Counts One and Two of the Indictment. In pleading guilty, the Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of the Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charge against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. The Defendant agrees that substantial evidence exists to support the charges.

e. Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

f.  If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

g.  The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

h.  Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offense committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

## 3. SENTENCING

a. Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

CHRISTOPHER P. CANOVA
United States Attorney

*Erica Reed*
ERICA REED
Attorney for Defendant

10-4-17
Date

*Terrell J Cochran*
TERRELL JEROME COCHRAN
Defendant

10-4-17
Date

*J. Ryan Love*
J. RYAN LOVE
Assistant United States Attorney
Florida Bar No. 0637920
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502-5675
850-444-4000

10-4-17
Date